# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                                   )

                                   )

    v.                           )      Crim. Act. No. 1210019908
                                   )

                                   )

ERIC HOLMES               )

Date Submitted: October 28, 2025, November 17, 2025
Date Decided: January 30, 2026

## ORDER DENYING HOLMES'
## MOTION TO COMPEL & MOTION TO STAY PROCEEDINGS

1.      Defendant Eric Holmes was found guilty after a jury trial of Possession of a Firearm by a Person Prohibited.[1]  The facts of his conviction have been found previously by this Court:

> On October 27, 2012, [Holmes] was one of the occupants of a vehicle that was the subject of a police stop in the 800 block of North Spruce Street.  A reliable confidential informant had advised Wilmington Police that within that vehicle was a firearm.  Upon arrival, police located the vehicle which was occupied by Holmes, codefendant Oliver Smith, and occupants Latisha Powell and Deoddrick Purnell.  All occupants were asked to exit the vehicle, all complied and were placed in custody.  A black Ruger "single six" .22 revolver was found in Holmes' waistband which was loaded with five .22 caliber Remington rounds.  Inside his left leg pant pocket was one clear bag containing six Endocet pills and eight Alprazolam (Xanax) pills.  A black Intratec 9 mm Leger Tec 9 was found in codefendant Smith's waistband which

---

[1] *State v. Eric Holmes*, Crim. I.D. No. 120019908, Docket Item (hereinafter "D.I.") 45, 46.

was loaded with thirty 9 mm Lugar rounds with one in the chamber. Occupants Powell and Purnell were questioned and released.[2]

2.  At the time of sentencing, the State moved to declare Holmes a habitual offender pursuant to 11 *Del. C.* § 4214.[3]  Holmes was so declared, and sentenced as a habitual offender to sixteen (16) years at Level V, followed by decreasing levels of supervision.[4]  Holmes appealed his conviction, which was ultimately affirmed by the Supreme Court of the State of Delaware on January 29, 2015.[5]

3.  Holmes moved for a sentence reduction on February 24, 2015, which this Court denied on March 4, 2015.[6]

4.  On February 27, 2015, Holmes moved for appointment of counsel for purposes of moving for postconviction relief.[7]  This request was granted and postconviction counsel was appointed.[8]  In relation to the appointment of counsel, the Court Ordered trial counsel to provide the entirety of his file to postconviction counsel and that other documents from the Court's file and appropriate items of the Investigative Services Office's file be made available to postconviction counsel.[9]

---

[2] *State v. Holmes*, 2016 WL 4413150, *1 (Del. Super. Aug. 17, 2016).
[3] D.I. 45.
[4] D.I. 45, 46.
[5] *Holmes v. State*, 2015 WL 428071, at *1 (Del. Jan. 29, 2015).
[6] D.I. 57, 59.
[7] D.I. 56.
[8] D.I. 67; *State v. Holmes*, 2015 WL 1197687, at *1 (Del. Super. Mar. 12, 2015).
[9] D.I. 71.

4. On October 20, 2015, Holmes filed his first motion for postconviction relief.[10] On January 27, 2016, counsel moved to withdraw his representation.[11] Holmes then moved to compel the State to produce certain discovery items concerning the investigation of his case.[12] Specifically, Holmes requested: (1) "the statements of L. Powell and D. Purnell" (2) DNA results; (3) ballistic results.[13] On August 17, 2016, this Court denied Holmes' motion to compel discovery, noting that Holmes conceded that "all evidence subject to Rule 61 discovery was turned over long ago…[and that] Holmes ha[d] failed to demonstrate a compelling reason for the discovery of the requested evidence – even if the additional evidence exists."[14]

5. Ultimately, postconviction counsel's motion to withdraw was granted and Holmes' postconviction motion was denied on December 15, 2016.[15] Holmes appealed the denial,[16] which was later affirmed by the Delaware Supreme Court.[17]

---

[10] D.I. 69. This initial filing was a "placeholder" motion. Thereafter, a full briefing schedule was issued by the Court which provided for an amended counseled postconviction motion to be filed. D.I. 70.
[11] D.I. 73, 74.
[12] D.I. 79, 82.
[13] *Holmes*, 2016 WL 4413150, at *1.
[14] *Id.* at *2.
[15] D.I. 85; *State v. Holmes*, 2016 WL 7324098, at *9 (Del. Super. Dec. 15, 2016).
[16] D.I. 86,
[17] *Holmes v. State*, 2017 WL 3725065, at *2 (Del. Aug. 29, 2017). Holmes appeared to only appeal certain aspects of the Superior Court's decision, as noted in the Supreme Court's Order: "To the extent that Holmes raised other issues in the motion he filed in the Superior Court, he has waived any right to further review of those claims on appeal by failing to argue them in his opening brief." *Id.* at *1. This waiver subsumes the denial of Holmes' postconviction related discovery requests.

6. On June 1, 2018, Holmes petitioned for a Writ of Habeas Corpus.[18] This Petition was denied on June 8, 2018.[19] Following, Holmes filed a string of letters to the Court, including various unsupported requests for information.[20]

7. On February 3, 2025, Holmes filed a "Motion to Vacate Sentence"[21] pursuant to *Erlinger v. United States*.[22] That motion is pending, as it was stayed at the request of the State on April 23, 2025.[23]

8. On May 5, 2025, Holmes filed the instant motion for postconviction relief, his second,[24] accompanied by a motion for appointment of counsel.[25] The motion for appointment of counsel was denied on July 16, 2025.[26] Following that denial, a briefing schedule for the postconviction motion was issued.[27] Amendments to that schedule were made at Holmes' request for additional time.[28] The postconviction motion is pending.

---

[18] D.I. 90.
[19] D.I. 95.
[20] D.I. 96, 97, 99, 100, 101, 103, 104.
[21] D.I. 105.
[22] *Erlinger v. United States*, 602 U.S. 821 (2024).
[23] D.I. 109.
[24] D.I. 111.
[25] D.I. 110.
[26] D.I. 114.
[27] D.I. 115.
[28] D.I. 118, 119,

9. On October 28, 2025, Holmes filed a "Motion to Compel Disclosure of DNA Results and Complete Case File in Support of Pending Rule 61 Motion."[29] In his motion, similar to his 2016 motion, Holmes requests: (1) DNA evidence, raw data, laboratory notes, and chain of custody documentation associated with this case; (2) the complete prosecution and defense case file, including all witness statements, investigative reports, correspondence, notes, internal memoranda, and any other exculpatory or impeaching materials.[30] Holmes asserts these materials are required for the prosecution of his postconviction motion, which is the basis for him moving to stay the postconviction proceedings. Holmes' motion for a stay argues the requested discovery is needed prior to fully presenting his motion.[31]

10. Although a defendant does not have a discovery right under Rule 61, this Court possesses "inherent authority under Rule 61 in the exercise of its discretion to grant particularized discovery for good cause shown."[32] "In allowing discovery, the Court will not allow a defendant 'to go on a fishing expedition through the government's files in hopes of finding some damaging evidence.'"[33] Such

[29] D.I. 120.
[30] D.I 120.
[31] D.I. 121.
[32] *Cabrera v. State*, 173 A.3d 1012, 1032 (Del. 2017) (citing *Dawson v. State*, 673 A.2d 1186, 1197 (Del. 1996)).
[33] *State v. Holmes*, 2016 WL 4413150, at *1 (Del. Super. Aug. 17, 2016) (citing *State v. Jackson*, 2006 WL 1229684, *2 (Del. Super. May 3, 2006) (internal citations omitted)).

discovery will only be granted when an inmate demonstrates "a compelling reason for discovery."[34]

11. Holmes has not presented any such compelling reason. Holmes' assertions that he has never received DNA records or his full case files is contradictory to the representations he made to the Court in 2016. The Court's finding that Holmes "concede[d] in his motion, [that] all evidence subject to Rule 61 discovery was turned over long ago" is equally important in the determination here.[35]

12. Further, Holmes' assertion of new evidence is also unavailing. Holmes contends there is "an undisclosed 'case participant list' identifying Defense witnesses with the designation 'AG'" which he feels is "indicative of a possible undisclosed connection between the witness and Attorney General's office."[36] These claims are unsupported, conclusory and fail to establish any compelling reason to justify his discovery requests.[37]

---

[34] *Holmes*, 2016 WL 4413150, at *1 (citing *Dawson v. State*, 673 A.2d 1186, 1198 (Del. 1996) (materials requested "[were] not discoverable under a good cause standard because [defendant] has shown no compelling reason for their discovery"); *see also State v. Cabrera*, 2008 WL 3853998, *4 (Del. Super. Ct. Aug. 14, 2008).

[35] *Holmes*, 2016 WL 4413150, at *2.

[36] D.I. 120.

[37] Holmes appears to be referring to a portion of the Court's records, in which a "Case Participant List" can be shown.

13.     Finally, prior to deciding this matter, the Court engaged in a cursory review of Holmes' postconviction motion to assist in determining whether such a compelling reason exists for production of the requested material. The pending postconviction motion is Holmes' second such motion. Therefore, procedural bars are to be considered prior to any further analysis.[38] In order to avoid the procedural bars for subsequent postconviction motions, Holmes must plead "with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted"[39] or plead "with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction…invalid."[40]

14.     The decision denying Holmes' request for appointment of counsel already determined that Holmes has not pled either of these exceptions. There is nothing presented in either Holmes' instant motions to compel or for a stay that warrants a different finding.

---

[38] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[39] Super. Ct. Crim. R. Proc. 61(2)(i).
[40] Super. Ct. Crim. R. Proc. 61(2)(ii).

15. Accordingly, Holmes has failed to demonstrate a compelling reason for the discovery of the evidence he now seeks. Therefore, his Motion to Compel Production of Discovery, and likewise his Motion for Stay is **DENIED**.

**IT IS SO ORDERED.**

_____
Danielle J. Brennan, Judge

Original to Prothonotary

cc: Brian Arban, Deputy Attorney General
Brian Robertson, Deputy Attorney General
Eric Holmes, *pro se*, SBI# 00465822